IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Robert G. Wagner, | Case No. 3:16 CV 2046 |
| Plaintiff, | ORDER ADOPTING<br>REPORT & RECOMMENDATION |
| -vs- | JUDGE JACK ZOUHARY |
| Neil Turner, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff *pro se* Robert Wagner, a state prisoner incarcerated at North Central Correctional Complex (NCCC), filed this Section 1983 Complaint claiming various NCCC employees were deliberately indifferent to his serious medical need (Doc. 1). This case was referred to Magistrate Judge James Knepp for general pretrial supervision (November 14, 2016, Non-Document Order). Following discovery, Plaintiff filed a Motion for Liability and Damages (Doc. 37). Defendants filed a Motion for Summary Judgment (Doc. 39), and Plaintiff filed a Motion to Stop Summary Judgment, construed as an opposition brief (Doc. 40). Judge Knepp prepared a Report and Recommendation (R&R), which recommends this Court deny Plaintiff's Motion, grant Defendants' Motion, and dismiss the case with prejudice (Doc. 41).

Plaintiff objected (Doc. 43). The deadline for objections was June 7, 2018. Plaintiff's filing was signed on June 8 and mailed on June 11, 2018, which makes it untimely. Nevertheless, this Court will address the Objection, as it appears from Plaintiff's other filings that his receipt of the R&R may

have been delayed (*see* Doc. 42). Accordingly, this Court has reviewed *de novo* those portions of the R&R challenged in the Objection. *See* 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213 (6th Cir. 1981).

## DISCUSSION

### Case Management Issues

Several of Plaintiff's Objections relate to the case schedule (Doc. 43 at ¶¶ 1, 2, 6). Plaintiff argues he was unaware of the deadline for filing dispositive motions due to a typo in the Case Management Conference Order, which listed the relevant date as February 5, 2017, rather than February 5, 2018 (Doc. 24). Plaintiff further contends that based on this error, he was denied the opportunity to take discovery.

Neither of these arguments is persuasive. Plaintiff's professed confusion is belied by the record, which shows that he filed both his own dispositive Motion (Doc. 37) and an opposition to Defendants' Motion for Summary Judgment (Doc. 40) in advance of the correct deadlines. Plaintiff's assertions about discovery (or lack thereof) are also contradicted by the record. The docket in this matter reflects that Defendants timely served their Initial Disclosures under Federal Civil Rule 26(a) (Doc. 27), and Plaintiff was provided copies of his medical records (Doc. 28). The Affidavit submitted in support of Defendants' Motion also references additional documents produced in discovery (*see* Doc. 39 at 12).

### Appointment of Counsel

Plaintiff also objects that the Magistrate Judge abused his discretion in denying Plaintiff's Motion for Appointment of Counsel (Doc. 43 at ¶ 5). But Plaintiff appears to acknowledge there is no right to counsel in a civil proceeding, and the Magistrate Judge's Order (Doc. 11) accurately states

the facts and the law on this point. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) ("Appointment of counsel in a civil case is not a constitutional right. . . . It is a privilege that is justified only by exceptional circumstances.") (citations omitted).

**Evidentiary Issues**

Plaintiff next argues that the Magistrate Judge erred in concluding there were no genuine disputes of material fact sufficient to preclude summary judgment. Specifically, he asserts (1) the C-PAP machine was taken by "non-medical staff" and Nurse Donahue, and was not immediately replaced; (2) the purpose of the C-PAP machine is not to provide oxygen, but "to add forced air to the [Plaintiff's] lungs with moister [sic] in it"; and (3) Nurse Donahue's Affidavit is not supported by any evidence (Doc. 43 at ¶¶ 3, 7, 8).

The first point is consistent with the facts set forth in the R&R (*see* Doc. 41 at 2–3), and the second point is not material to the legal analysis. As for the third point, Nurse Donahue's Affidavit is based on her review of Plaintiff's medical records related to his pulmonary/respiratory treatment at NCCC (Doc. 39 at 12). These records were produced in discovery, and Plaintiff identifies no contrary evidence creating a genuine dispute of material fact.

**Sleep Deprivation Claim**

Finally, Plaintiff contends that Defendants' actions were unconstitutional because removing his C-PAP machine caused him sleep deprivation, which has been recognized as an Eighth Amendment violation (Doc. 43 at ¶ 10). Construed liberally, the factual allegations underlying this claim -- *i.e.*, that Plaintiff was unable to sleep without the C-PAP machine -- were presented to the Magistrate Judge in Plaintiff's Motion for Liability and Damages (Doc. 37 at 3). But this is the first time Plaintiff has attempted to raise an independent Eighth Amendment claim based on intentional

3

sleep deprivation, as opposed to his claims for deliberate indifference to a serious medical need. "Absent compelling reasons," parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Plaintiff identifies no compelling reason to grant an exception here; therefore, he has waived this argument.

## CONCLUSION

This Court overrules Plaintiff's Objection (Doc. 43) and adopts the R&R (Doc. 41). Plaintiff's Motion for Liability and Damages (Doc. 37) is denied, and Defendants' Motion for Summary Judgment (Doc. 39) is granted.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 16, 2018